IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 04-85-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL KIM, | ) | |
| | ) | |
| Defendant. | ) | |

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Dwight C. Holton
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204

        Attorneys for Plaintiff

    Michael Kim
    Reg 38948-048
    Lompoc Federal Correctional Institution
    3600 Guard Road
    Lompoc, California 93436

        Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

On October 5, 2004, I sentenced defendant to 21 months of imprisonment for bank fraud. Defendant has filed a Motion for Leave to File for Consideration for Resentencing pursuant to 18 U.S.C. § 3582(c)(2) (#23). That section concerns defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and does not apply to defendant's situation. His request to lower his sentence to eight months of imprisonment on grounds under Blakely, Booker, and Ameline would appropriately be made under 28 U.S.C. § 2255. Defendant chose § 3582, however, in an attempt to avoid the provisions in the Anti-Terrorism and Effective Death Penalty Act.

The court may not recharacterize a pro se defendant's motion as a first § 2255 motion without giving the warnings described in Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Thus, I warn defendant that I intend to recharacterize his motion as one brought under § 2255. This means that any subsequent § 2255 motion he may file would be subject to the restrictions on second or successive § 2255 motions which require a certificate from the court of appeals that the circumstances fall within the two exceptions to the prohibition against second or successive motions. Without this certificate, this court may not hear the merits of the claims in the later motion. Because of this consequence, I will allow defendant either to withdraw the current motion or to amend it so that it contains all the § 2255 claims he believes he has. If defendant does not choose one of these options within 30 days, I will recharacterize his motion.

I also reiterate the warning in my last Order and note for Kim that a motion under § 2255 must be filed one year from the day his conviction became final. The government's position is that this would be October 5, 2005, a year after I entered final judgment based on a plea agreement in which Kim waived his appeal rights.

IT IS SO ORDERED.

Dated this   31st   day of August, 2005.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge