IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 04-85-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL KIM, | ) | |
| | ) | |
| Defendant. | ) | |

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Dwight C. Holton
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204

        Attorneys for Plaintiff

    Michael Kim
    Reg 38948-048
    Lompoc Federal Correctional Institution
    3600 Guard Road
    Lompoc, California 93436

        Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

On October 5, 2004, I sentenced defendant to 21 months of imprisonment for bank fraud. Defendant has filed a Motion for Leave to File for Consideration for Resentencing pursuant to 18 U.S.C. § 3582(c)(2) (#23). As I explained in my Opinion and Order dated August 31, 2005, that statutory section does not apply to Kim's situation. I gave Kim the option of either withdrawing the current motion or amending it to contain all of the claims he believes he has under 28 U.S.C. § 2255. If Kim did not make a choice within 30 days, I told him that I would recharacterize his motion as one filed under § 2255.

Kim then filed a Request for Reconsideration, contending that the holding in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury, effectively lowered all guideline ranges and made § 3582 applicable to his situation. I disagree. Section 3582 applies if a sentencing range was "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The Sentencing Commission did not act here.

In the event that I refused to go forward under § 3582, Kim agrees to have me recharacterize his motion as one brought under § 2255 with the only ground[1] being that Booker should be applied, making his sentence unconstitutional. The Ninth Circuit recently held that Booker is not retroactive and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication. United States v. Cruz, __ F.3d __ 2005 WL 2243113 (9th Cir. 2005). Kim was sentenced on October 5, 2004, and did not file an appeal.

---

[1] I appreciate Kim's candid statement that both his defense attorney, the court, and the prosecutor performed their roles professionally to safeguard his other constitutional rights.

Booker was published on January 12, 2005, after Kim's sentence became final. Thus, Booker does not apply.

Motion for Leave to File for Consideration for Resentencing pursuant to 18 U.S.C. § 3582(c)(2) (#23), recharacterized as a motion under § 2255, is denied.

IT IS SO ORDERED.

Dated this   5th   day of October, 2005.

      /s/ Garr M. King
    Garr M. King
    United States District Judge